JEFFERSON (Bernard), J.
—I concur in the result but I do not agree with some of the reasoning set forth in the majority opinion.
I disagree with the majority’s statement that the series of events in the case at bench result in a situation in direct opposition to the obvious *459 legislative purpose behind section 252 (formerly § 558) of the Welfare and Institutions Code. I agree that the legislative purpose set forth in section 252 is that which is the purpose involved in all court proceedings, whether they be criminal cases, civil cases, or juvenile court cases. There is an obvious public policy to dispose of all court proceedings as expeditiously and promptly as possible in the interests of justice. But I do not agree that the result in the case at bench is in opposition to such policy. The majority does not tell us why the result is contrary to public policy.
The majority sees a dilemma in what happened in the case at bench—a dilemma which the majority states is for the Legislature or the Supreme Court to solve. I don’t know what the majority expects the Supreme Court to do about section 252 which it did not do in 1975 in deciding the case of In re Edgar M. (1975) 14 Cal.3d 727 [122 Cal.Rptr. 574, 537 P.2d 406]. In re Edgar M. made an interpretation of section 558 of the Welfare and Institutions Code (now § 252) in view of constitutional principles. In 1976 the Legislature enacted Welfare and Institutions Code section 252, which is the same as the former section 558. Had the Legislature felt that the In re Edgar M. decision created a dilemma because of its interpretation of section 558, the Legislature could have made such changes as it desired by amending section 558, rather than simply reenacting it as section 252.
If there is a dilemma which the majority feels needs solving, I suggest that juvenile court judges simply follow Welfare and Institutions Code section 558 (now § 252) as it was interpreted by the California Supreme Court in In re Edgar M. I see no necessity for this court to call upon the Legislature or the Supreme Court to take action because of the situation presented in the instant case. Had the law been properly followed, Teddy’s case would not have been before us but would have been finally determined promptly with his rights fully accorded to him.
If, for whatever reason, the juvenile court judge fails to act on a petition for rehearing during the time limit set forth in section 252, I see no public policy vitiated in the result we reach under In re Edgar M.—of requiring the juvenile court judge to proceed to conduct an adjudicatory hearing de novo. This result is fair to the juvenile who has a right to have the juvenile court judge observe the time limits set forth in Welfare and Institutions Code section 252.
On November 9, 1977, the opinion was modified to read as printed above.